Howell, J.
The plaintiff has appealed from a judgment setting aside a writ of arrest, on a motion by defendant based on several grounds, only one of which we consider it necessary to examine, to wit: “ Because it is not averred in the affidavit or petition, that the defendant has absconded from his place of residence ” in another State. It is contended by counsel that the Act of 1856, (p. 80) amending and reenacting the 214th Art. C. P., repealed section 3 of Act 1855, (p. 42) requiring such fact -to be sworn to, and placed resident and non-resident debtors on the same footing as to the prerequisites for an arrest.
We think this conclusion is not sustained by the letter of the law, or the rules of construction.
The act of 1856, is entitled “an aot to amend and reenact article two hundred and fourteen of the Code of Practice,” and contains only one section with two clauses. The first clause gives, with an unimportant verbal change, the Article 214 as amended by the act of 1840, ($ 2, p. 131) and the second clause requires a bond, with certain conditions, to be furnished by the plaintiff. The only material change made in said article, is the requiring of a bond as a prerequisite, in addition to the affidavit. There is no repealing clause or section in the act, and its provisions are not in any correct sense inconsistent or in conflict with the third section of the Act of 1855, entitled ‘‘ An act relative to persons arrested and • imprisoned for debt,” but must be considered as prescribing an additional condition for the arrest of both resident and non-resident debtors, leaving the two affidavits still as conditions, respectively. The Act of 1855 expressly excepts, in its repealing section, what is contained in the Code of Practice on the same subject, which the Act of 1856 neither repeals nor conflicts with the provisions of the Code of Practice or the Act 1855, in this regard.
Judgment affirmed, with costs.